UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN BARRIE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VIRGINIA FIORENTINO,<br><br>    Defendant. | Case No. 20-CV-07347-LHK<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 2, 11 |

Plaintiffs Susan Barrie, Christopher Grossman, and Open Door, LLC (collectively, "Plaintiffs") sue Defendant Virginia Fiorentino ("Defendant") for unlawful detainer. Before the Court is Plaintiffs' motion to remand the instant case. ECF No. 11. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiffs' motion to remand.

**I.    BACKGROUND**

On May 18, 2020, Plaintiffs purchased the subject residential real property located at 105 Willow Hill Ct., Los Gatos, California 95032 ("Property") at a trustee's sale following foreclosure proceedings. ECF No. 1-1 ("Compl.") ¶¶ 1–2. On August 11, 2020, Defendant was served with a

1

three-day quit notice (the "Notice"). *Id.* ¶ 2. Despite the Notice's expiration, Defendant remains in possession of the Property. ¶ 3. As a result, Plaintiffs filed an unlawful detainer action in the California Superior Court for the County of Santa Clara on September 2, 2020. *See* Compl.

On October 19, 2020, Defendant, who is pro se, removed the unlawful detainer action to federal court and moved to proceed in forma pauperis. ECF Nos. 1, 2. In her Notice of Removal, Defendant states that she has filed counterclaims against Plaintiffs for, inter alia, "various violations under the Fair Debt Collection Practices Act [FDCPA]," 15 U.S.C. § 1692 *et seq*. ECF No. 1 ¶ 2. Defendant asserts that this Court has subject matter jurisdiction through federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* ¶¶ 4, 13.

On November 12, 2020, Plaintiff filed the instant Motion to Remand. ECF No. 11 ("Mot."). Defendant has not opposed the motion.

## II.  LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor

of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

**III. DISCUSSION**

Plaintiffs argue that this Court should remand the instant case to the California Superior Court for the County of Santa Clara because the Court lacks subject matter jurisdiction over the instant case. The Court agrees.

To start, the Court does not have federal question jurisdiction over this matter. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal pursuant to section 1331 is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "Federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). "Nor can federal jurisdiction rest upon an actual or anticipated counterclaim." *Id.*

In the instant case, Plaintiffs' complaint for unlawful detainer does not assert any claim that arises under federal law. *See* Compl. That Defendant advances a counterclaim arising under the federal FDCPA is of no moment because the Court must look to the face of Plaintiffs' properly pleaded complaint, not to Defendant's counterclaim. *See Vaden*, 556 U.S. at 60. As a result, there is no federal question jurisdiction over the instant case. *See, e.g.*, *Bank of New York Mellon v. Vo*, Case No. 14-CV-05110-LHK, 2015 WL 662221, at *2 (N.D. Cal. Feb. 12, 2015) (granting motion to remand plaintiff's unlawful detainer action even though pro se defendants had invoked the federal FDCPA in response); *LNV Corp. v. Randle*, Case No. EDCV 14-0082 JGB, 2014 WL 176742, at *1–2 (C.D. Cal. Jan. 15, 2014) (same); *Bank of N.Y. Mellon v. Hernandez*, Case No. C-12-00767 DMR, 2012 WL 2375096, at *1 (N.D. Cal. June 22, 2012) (same); *see also U.S. Bank*

3

Case No. 20-CV-07347-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

*Nat'l Ass'n v. Terrenal*, Case No. 12-CV-5540 YGR, 2013 WL 124355, at *2 (N.D. Cal. Jan. 8, 2013) (finding "no basis for asserting federal claim jurisdiction" where "[t]he complaint asserts only one state law claim for unlawful detainer").

Nor may Defendant remove Plaintiffs' unlawful detainer action on the basis of diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. The statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

In the instant case, Defendant has made an insufficient showing that there is diversity jurisdiction. All parties are citizens of California, so there is no diversity of citizenship. *See* ECF No. 1-3 (stating that Plaintiffs and Defendant are citizens of California), ECF No. 11 ¶ 7 (stating that Plaintiffs are citizens of California). Even assuming that there is diversity of citizenship, the $75,000 amount in controversy requirement is not met. Plaintiffs are seeking damages of "$117.00 per day from August 17, 2020 through the date of restitution of possession or the date of judgment herein, whichever comes first." Compl. ¶ 8. However, the case would have to be litigated for nearly two years in order to meet the amount in controversy requirement. Accordingly, Defendant has not shown that the amount in controversy requirement has been met. *See MOAB Inv. Grp. v. Moreno*, Case No. C-14-0092 EMC, 2014 WL 523092, at *1 (N.D. Cal. Feb. 6, 2014) (concluding the amount in controversy was not met in an unlawful detainer case because "[t]his case would have to be litigated for almost two years for it to exceed the $75,000 threshold"). As a result, there is no diversity jurisdiction over the instant case. Because this Court has no basis for exercising subject matter jurisdiction, the Court must grant Plaintiff's motion to remand.

Furthermore, "courts have held that failure 'to oppose [a] motion for remand' means that remand is warranted." *Lam v. Kingue*, Case No. 19-CV-02993-LHK, 2019 WL 4059853, at *1 (N.D. Cal. Aug. 28, 2019) (quoting *Aurora Loan Servs., LLC v. Gutierrez*, Case No. C 11-05288

4

Case No. 20-CV-07347-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

CW, 2012 WL 174851, at *1 (N.D. Cal. Jan. 20, 2012)); *see also Bank of New York Mellon v. Crandall*, Case No. 11-CV-2574-JAH, 2012 WL 117151, at *1 (S.D. Cal. Jan. 13, 2012) (granting motion to remand because "Defendant failed to file an opposition"); *Zatta v. Societe Air France*, Case No. SA CV 11-0647 DOC, 2011 WL 2472280, at *1 (C.D. Cal. June 21, 2011) (same); *Sundby v. Bank of New York Mellon*, Case No. 11-CV-627 DMS, 2011 WL 1670914, at *1 (S.D. Cal. May 3, 2011) (same). Here, Defendant failed to oppose the motion to remand. Thus, the Court GRANTS the Motion to remand.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand the instant case to the California Superior Court for the County of Santa Clara. The Court DENIES AS MOOT Defendant's motion to proceed in forma pauperis.

**IT IS SO ORDERED.**

Dated: December 7, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge